**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone:  (415) 488-8041
Facsimile:   (415) 651-9700
*Attorneys for Plaintiff*,
Cynthia Soler

# UNITED STATES DISTRICT COURT
# FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CYNTHIA SOLER,**<br><br>Plaintiff,<br><br>v.<br><br>**TRANS UNION, LLC and NELNET SERVICING, LLC,**<br><br>Defendants. | **Case No.:** 2:20-cv-08459<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1.) **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.; AND**<br><br>2.) **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE §§ 1785.1, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

///

///

///

///

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

2. **CYNTHIA SOLER** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorney fees, and costs, against **TRANS UNION, LLC and NELNET SERVICING, LLC** for violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., (hereinafter "FCRA"), and for violations of California Civil Code § 1785 et seq. ("CCRAA").

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

7. The Fair Credit Reporting Act (FCRA), found at 15 U.S.C. § 1681, et seq., was originally enacted in 1970. The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information

…" FCRA, 15 U.S.C. §1681(b); *Safeco Ins. Co. of Am. v. Burr* (2007) 551 U.S. 47, 127 S.Ct. 2201, 2205.  The Congressional findings noted that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with of fairness, impartiality, and respect for the consumer's right to privacy."[1]  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, who are called "furnishers."

8. The Consumer Credit Reporting Agencies Act (CCRAA), the California version of the FCRA, was originally enacted in 1975. In language virtually identical to that found in the original FCRA legislation, the California Legislature stated the CCRAA's purpose was "to require that consumer credit reporting agencies adopt reasonable procedures" for handling credit information so as to ensure it was handled in a manner which was "fair and equitable to the consumer with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title."[2] In 1993, the California Legislature amended the CCRAA and added a section that imposes duties on furnishers similar to those found in the FCRA. For example, Civil Code § 1785.25(a) provides that the furnisher "shall not" furnish credit information to "any credit reporting agency if the person [furnisher] knows or should know the information is incomplete or inaccurate." Under the FCRA, the term "consumer report means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer."

---

[1] FCRA, 15 U.S.C. §1681(a)(4)
[2] California Civil Code § 1785.1(d)

**COMPLAINT FOR DAMAGES**                                                                 Page 3 of 18

## JURISDICTION AND VENUE

9. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, 15 U.S.C. § 1681p (FCRA), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

10. This action arises out of Defendants' violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., ("FCRA"), and California Civil Code § 1785 et seq. ("CCRAA").

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides in the state of California as defined under 28 U.S.C. §1391 (c)(2) based upon information and belief, and Defendants transact business here.

## PARTIES

12. Plaintiff is a natural person who resides in the County of Los Angeles, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and by Cal. Civ. Code § 1785.3(b). Plaintiff is a "senior citizen" and/or "disabled person" as those terms are defined in subdivisions (f) and (g) of Cal. Civ. Code § 1761.

13. Defendant Trans Union, LLC (hereinafter "Defendant Trans Union") is a for-profit Delaware Limited Liability Company operating from an address of 555 Adams Street, Chicago, IL 60661, and is a "person" as defined by 15 U.S.C. § 1681a(b).

14. Defendant Nelnet Servicing, LLC (hereinafter "Defendant Nelnet") is a for-profit Nebraska Limited Liability Company operating from an address of 121 S. 13th Street, Suite 100, Lincoln, NB 68508, and is a "person" as defined by 15 U.S.C. § 1681a(b). Nelnet is a financial institution actively conducting business in California. Nelnet is a furnisher of information as contemplated by FCRA

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences, and is a "person" who "furnished information on a specific transaction or experience to any consumer credit reporting agency" under Cal. Civ. Code §§ 1785.3(j) and 1785.25.

15. This case involves Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1) and "consumer credit report(s)" as that term is defined by Cal. Civ. Code § 1785.3(c).

16. Defendant Trans Union is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) (collectively referred to as "Credit Reporting Agencies" or "CRAs") and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d) to third parties.

17. Defendant Nelnet is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences, and is a "person" who "furnished information on a specific transaction or experience to any consumer credit reporting agency" under Cal. Civ. Code §§ 1785.3(j) and 1785.25.

18. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned Named Defendants were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent, officer, director, managing agent, employee, and/or joint venturer, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant,

and all of them, named above.

## FACTUAL ALLEGATIONS

19. Plaintiff is an individual residing in the County of Los Angeles in the State of California.

20. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of California.

21. Plaintiff's Nelnet accounts # 6275**** and # 3012**** were fully satisfied on or about December 8, 2015 which brought them both current with a $0 balance.

22. TransUnion's results dated 09/15/2018 reported Plaintiff's Nelnet accounts with a "Pay Status: Account 120 Days Past Due Date".

23. Although Plaintiff's accounts were fully satisfied, Plaintiff's Trans Union results dated 09/15/2018 reported the "Pay Status: Account 120 Days Past Due Date". It is impossible and incorrect for an account that was fully satisfied which brought it current with a "0" balance as of to still be reporting as late as of 09/15/2018. Not only are the Nelnet accounts false on the face of the credit report but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on these accounts that were previously fully satisfied.

24. As required by the Fair Credit Reporting Act, Plaintiff mailed a detailed and thorough dispute letter to Trans Union, dated 08/17/2018.

25. On information and belief, Trans Union subsequently sent Plaintiff's dispute to Nelnet by way of an Automated Customer Dispute Verification.

26. In response to Plaintiff's dispute, Nelnet verified the accounts as accurate and instructed Trans Union to continue to report the inaccurate credit information. Trans Union continued to report the inaccurate credit information at the instructions of Nelnet.

27. Plaintiff's latest Trans Union credit report dated 07/23/2020 is currently

reporting the same inaccurate information that was disputed on 08/17/2018.

28. Trans Union did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after it knew or should have known the information was incorrect.

29. Nelnet did not provide a good faith investigation into the disputed accounts of Plaintiff.

30. Nelnet furnished incomplete and inaccurate information about Plaintiff to one or more consumer credit reporting agencies when it knew or should have known that the information was incomplete or inaccurate.

31. Trans Union did not provide a good faith investigation into the disputed Nelnet accounts.

32. The Nelnet accounts are not only inaccurate, but also misleading, which the Ninth Circuit has addressed. The Ninth Circuit has ruled that a credit report is inaccurate on its face if it is so misleading that it may lead to adverse credit decisions, please see *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009) "a consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely affect credit decisions" (quoting *Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895 (5th Cir. 1988).

33. Trans Union has a statutory duty to have reasonable procedures to assure maximum accuracy. Their procedures regarding this reporting are not assuring accuracy, much less maximum accuracy.

34. The reporting of this credit information on Plaintiff's credit report negatively reflects upon the Plaintiff, their credit repayment history, their financial responsibility as a debtor and their credit worthiness. This information was furnished by Nelnet and reported by Trans Union, misrepresenting the payment rating and/or status of Plaintiff's accounts, and is currently being reported and

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

reflected upon Plaintiff's credit report, resulting in lowering Plaintiff's credit score and furthering and increasing Plaintiff's damages.

35. Plaintiff's credit reports, credit information and file formulated by Trans Union have been viewed by current and potential credit grantors and extenders of credit, as indicated by inquiries on each of their credit reports. The inaccurate information furnished by Nelnet and reported by Trans Union is continuing to damage the Plaintiff's credit rating as well as their credit reputation.

36. As a result of Defendants, Trans Union and Nelnet's conduct, Plaintiff has suffered great physical, emotional, and mental pain and anguish, all to Plaintiff's great detriment and loss.

37. As a result of Defendants conduct, Plaintiff has suffered actual damages all to Plaintiff's great detriment and loss.

38. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

39. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## ACTUAL DAMAGES

40. As a result of Defendants' actions, omissions, and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, invasion of privacy, mental and emotional pain, anguish, humiliation and embarrassment of credit denials, amongst others. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' reporting of inaccurate and derogatory

information, without success, including but not limited to time loss, charges for cellular phone usage and charges for postage.

41. Plaintiff's injuries are concrete. Defendants' conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation. Furthermore, Congress and the California legislature enacted the FCRA and CCRAA to protect consumers from precisely the conduct described in this Complaint. Congress and the California legislature found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Consequently, the FCRA and CCRAA were enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The alleged transgressions by Defendants would, if left unchecked in a competitive marketplace, naturally propagate had Congress and the California legislature not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

**THIRD PARTIES HAVE VIEWED PLAINTIFF'S TRANS UNION'S CREDIT REPORT**

42. The negative tradeline(s) reported by Nelnet on Plaintiff's Trans Union Credit report have been viewed by third parties all to the detriment and loss of the Plaintiff.

43. Plaintiff has suffered actual harm due to Trans Union still reporting the negative tradeline provided by Nelnet on Plaintiff's Trans Union report even though

Trans Union was put on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

44. The conduct of Defendants was the direct and proximate cause, as well as, a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as, such other relief, permitted by law.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681E(B)

### [AGAINST TRANS UNION]

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendant, Trans Union violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintains concerning the Plaintiff.

47. As a result of the conduct, actions and inactions of Trans Union the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

48. The conduct, actions and inactions by Trans Union were willful, rendering Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Trans Union was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

49. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681I(A)(1)

### [AGAINST TRANS UNION]

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Trans Union violated 15 U.S.C. §1681i(a)(l) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit files.

52. As a result of the conduct, actions and inactions of Trans Union the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

53. The conduct, actions and inactions by Trans Union were willful, rendering Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Trans Union was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT III

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

**15 U.S.C. § 1681i(a)(2)(A)**

**[AGAINST TRANS UNION]**

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. Trans Union violated 15 U.S.C. §1681i(a)(2)(A) on multiple occasions by failing to provide Nelnet with all the relevant information regarding Plaintiff's disputes.

56. As a result of the conduct, actions and inactions of Trans Union the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

57. The conduct, actions and inactions by Trans Union were willful, rendering Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Trans Union was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

58. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT IV**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681i(a)(4)**

**[AGAINST TRANS UNION]**

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. Trans Union violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

61. As a result of the conduct, actions and inactions of Trans Union the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

62. The conduct, actions and inactions by Trans Union were willful, rendering Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Trans Union was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

63. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT V

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681I(A)(5)(A)

### [AGAINST TRANS UNION]

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. Trans Union violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

66. As a result of the conduct, actions and inactions of Trans Union the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

67. The conduct, actions and inactions by Trans Union were willful, rendering Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Trans Union was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

68. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

COUNT VI

VIOLATION OF THE FAIR CREDIT REPORTING ACT

15 U.S.C. § 1681S-2(B)(1)(A)

[AGAINST DEFENDANT NELNET]

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. On one or more occasions, Nelnet violated 15 U.S.C. §1681s-2(b)(l)(A) by failing to fully and properly investigate Plaintiff's disputes.

71. Nelnet understood the nature of Plaintiff's disputes when it received an ACDV from Trans Union.

72. As a result of the conduct, actions and inactions of Nelnet the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

73. The conduct, actions and inactions by Nelnet were willful, rendering Nelnet liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Nelnet was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

74. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Nelnet in an amount to be determined by the Court pursuant

to 15 U.S.C. §1681n and §1681o.

## COUNT VII

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681S-2(B)(1)(B)

### [AGAINST DEFENDANT NELNET]

75. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

76. On one or more occasions, Nelnet violated 15 U.S.C. §1681s-2(b)(l)(B) by failing to review all relevant information provided by the consumer reporting agencies.

77. As a result of the conduct, actions and inactions of Nelnet the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

78. The conduct, actions and inactions by Nelnet were willful, rendering Nelnet liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Nelnet was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

79. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Nelnet in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT VIII

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681S-2(B)(1)(C) AND (D)

### [AGAINST DEFENDANT NELNET]

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. On one or more occasions, Nelnet violated 15 U.S.C. §1681s-2(b)(l)(C) and (D) by publishing the Nelnet reporting to Plaintiff's credit files with Trans Union without also including a notation that the inaccurate status of the debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

82. As a result of the conduct, actions and inactions of Nelnet the Plaintiff suffered actual damages including without limitation, by example only and as described herein on PPlaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

83. On information and belief, Plaintiff alleges that the procedures followed regarding Plaintiff's FCRA disputes through e-Oscar were the procedures that Nelnet intended their employees or agents to follow.

84. The conduct, actions and inactions by Nelnet were willful, rendering Nelnet liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Nelnet was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

85. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Nelnet in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

COUNT IX

VIOLATION OF THE CCRAA

CAL CIV § 1785.25(A)

[AGAINST DEFENDANT NELNET]

86. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

87. On one or more occasions Nelnet violated Cal Civ §1785.25(a) by furnishing incomplete and/or inaccurate information about Plaintiff to one or more

consumer credit reporting agencies when they knew or should have known that the information was incomplete or inaccurate.

88. As a result of the conduct, actions and inactions of Nelnet the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

89. The conduct, actions and inactions by Nelnet were willful, rendering Nelnet liable for punitive damages in an amount of up to $5,000 for <u>each</u> violation to be determined by the Court pursuant to Cal Civ §1731(a)(2)(B). In the alternative Nelnet was negligent entitling the Plaintiff to recover under Cal Civ §1731(a)(1).

90. The Plaintiff is entitled to recover actual damages, costs and attorney's fees from Nelnet in an amount to be determined by the Court pursuant to Cal Civ §1731(a)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

a) Actual damages;
b) Statutory damages;
c) Punitive damages;
d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, and 1681o;
e) Costs and reasonable attorney's fees pursuant to Cal Civ §1731(a)(1);
f) Award of Treble damages pursuant to Cal Civ §3345;
g) An order directing that each Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

    h) An order directing that each Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

    i) Award to Plaintiff of such other and further relief as may be just and proper.

## TRIAL BY JURY IS DEMANDED.

91. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: September 15, 2020

**THE CARDOZA LAW CORPORATION**

BY: /s/ Michael F. Cardoza
Michael F. Cardoza, Esq.
Lauren B. Veggian, Esq.
Attorneys for Plaintiff,
Cynthia Soler