Kristin L. Marker (State Bar No. 278596)
kmarker@qslwm.com
Quilling, Selander, Lownds,
Winslett & Moser P.C.
6900 N. Dallas Parkway, Suite 800
Plano, TX, 75024
(214) 560-5442
(214) 871-2111 Fax
*Counsel for Trans Union LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA SOLER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC AND NELNET SERVICING, LLC,<br><br>　　　　Defendants. | Case No. 2:20-cv-08459-DSF-PLA<br><br>**DEFENDANT TRANS UNION LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(b)(6)** |

Defendant Trans Union LLC ("Trans Union") files this Reply in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENT AND AUTHORITIES

### A.  Plaintiff Misstates the Applicable Motion to Dismiss Standard

In her Response to the Motion, Plaintiff misstates the federal pleading standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), arguing that her claims cannot be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *See* Dkt. 18, at 9. This is a misrepresentation of the holding in *Twombly*, which explicitly rejected and retired the "no set of facts" language previously set forth in *Conley v.*

*Gibson*, 355 U.S. 41 (1957). *Twombly*, 550 U.S. at 562-63 (internal citations omitted). Rather, the Court held that, in order to avoid dismissal, a complaint must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief. *Id.* at 557. Plaintiff has not and cannot meet this burden.

### B.  Trans Union's Statement of the Facts is Correct

In her Opposition, Plaintiff claims Trans Union "misstates" the facts of the case, claiming "Plaintiff *does* deny that at the time the accounts at issue in this case were closed, that the accounts were 120 days past due." Dkt. 18, at 7. However, as demonstrated in Trans Union's Motion to Dismiss, the accounts were reporting as 120 days late in 4/2015, 5/2015, 6/2015, 7/2015, 8/2015, 9/2015, 10/2015, 11/2015, and at the start of 12/2015, because *Plaintiff was 120 days late on her payments* during those months. *See* Dkt. 17, at 8. Plaintiff admits that she did not pay off her accounts until December 8, 2015, at which time her account balance was updated to $0. *See* Complaint, Dkt. 1, at ¶ 21. Nowhere in her Complaint does she allege that she was not, in fact, 120 days late on her payments prior to December 8, 2015. *See generally*, Dkt. 1. Trans Union correctly notes in its Motion to Dismiss, and as reflected in the relevant portions of Plaintiff's consumer file therein, that the account history reflected Plaintiff was 120 days late on the accounts from April of 2015 through November of 2015. Plaintiff's payment of the outstanding balance in December of 2015 brought the balance to $0; it did not erase or undo the late remarks that correctly reported for the eight preceding months. As set forth in Trans Union's Motion to Dismiss, Trans Union's reporting of the late remarks is accurate.

### C.  Plaintiff Incorrectly Relies on *Macik*

Plaintiff largely relies on a jury verdict from the Southern District of Texas in *Rachel Macik v. JPMorgan Chase Bank, N.A.*, No. CV G-14-044 (S.D. Tex. Feb. 12, 2014) in her Response to Trans Union's Motion to Dismiss ("Response") to support her argument that the Nelnet accounts reported inaccurately. *See generally*

Dkt. 18. However, Plaintiff's reliance on *Macik* is improper. Plaintiff repeatedly and erroneously relies on a broad form jury verdict rendered in *Macik*, attempting to argue that verdict somehow establishes the inaccuracy of the reporting in this case. Further, the *Macik* verdict was ultimately rendered against the data furnisher and not against the consumer reporting agency defendants, which had settled prior to trial. *See* Dkt. 18, at 13.

Moreover, this nonbinding authority is distinguishable because the *Macik* court did not address the two primary arguments raised in this Motion: 1) considered in its entirety, the Account is not inaccurate and 2) there is no allegation that a reasonable creditor would be misled. Plaintiff's attempt to bolster her claims by referencing claims brought by another individual represented by Plaintiff's counsel in a different court in a jury trial against a data furnisher, is entirely improper and should be disregarded by the Court.

### D. Plaintiff's Reliance on *Zimerman* Is Misplaced

In her Opposition, Plaintiff cites an unpublished, Eastern District of New York case, *Zimerman v. Trans Union*, No. 20-cv-00680 (E.D. N.Y. Aug. 7, 2020), to somehow support her position. *See* Dkt. 18, at 18-19. Her arguments are completely misplaced. First, the *Zimerman* Motion to Dismiss was filed by the creditor rather than a CRA. *See generally Zimerman*, ECF 21-1. Next, the Motion to Dismiss did not present to the Court excerpts of the full account at issue, demonstrating how the account was reporting on the Plaintiff's consumer file or how the account would have been perceived by potential creditors. *Id.* Finally, District Judge Kuntz issued a one-line Order, stating in its entirety, "Defendant's Motion to Dismiss, ECF No. 21, is DENIED." *See Zimerman*, ECF 26. Contrary to Plaintiff's assertion, this Order did not provide any information regarding the basis of the decision, nor is it dispositive of Plaintiff's arguments regarding the "pay status" field on the consumer

file. As such, Plaintiff's reliance on *Zimerman* is misplaced and therefore this Court should disregard it and grant Trans Union's Motion.

### E. Plaintiff Mischaracterizes Trans Union's Reliance on Payment Terms Cases

When discussing the "payment terms" cases relied upon by Trans Union, Plaintiff incorrectly claims that "Trans Union admitted that a $0 balance should report a pay status 'Account paid in full.'" Dkt. 18, at 18. Plaintiff's argument misses the mark. Setting aside the fact that Trans Union never made such an admission, none of the cases Trans Union relied upon involved the accuracy of the pay status on an account. *See Her v. Equifax Info. Servs., LLC*, No. 1:18-cv-05182, 2019 WL 4295280, at *1 (N.D. Ga. July 12, 2019); *Gibson v. Equifax Info. Servs., LLC*, No. 5:18-cv-00465, 2019 WL 4731957, at *4 (M.D. Ga. July 2, 2019); *Meeks v. Equifax Info. Servs., LLC*, No. 1:18-CV-03666, 2019 WL 1854611, at *1 (N.D. Ga. Mar. 4, 2019), *adopted*, 2019 WL 1856412, at *1 (N.D. Ga. Apr. 23, 2019). In fact, Plaintiff even admits pay status was not at issue in those cases. Dkt. 18, at 20. Rather, the relevant holding of each case cited was that, <u>when viewing the account as a whole, and in its entirety</u>, no reasonable creditor could conclude there was an ongoing monthly payment</u>. As noted by the Northern District of Georgia in *Meeks*, "when the [Plaintiff's] account is viewed as a whole, it is undeniable that there exists no ongoing obligation for payment." *Meeks*, 2019 WL 1854611, at *1. The courts in *Her* and *Gibson* both affirmed the well-reasoned holding in *Meeks* and reiterated the need to look at an account in its entirety when determining accuracy. *Gibson*, 2019 WL 4731957, at *4; *Her*, 2019 WL 4295280, at *5-6.

The logic universally adopted by *Meeks, Gibson, Her,* and other cases equally applies here. The Dept of Ed/Nelnet Accounts reflect that they: 1) have a balance of $0; 2) were last updated on December 8, 2015; 3) were closed on December 8, 2015; 4) were 120 days past due from April 2015 through November 2015; 5) were

4

closed due to being transferred, and 6) had no past due amount. When viewing Plaintiff's accounts in their entirety, it is clear that Plaintiff is not currently 120 days past due as the accounts, nor that she is "still late," so this Court should grant Trans Union's Motion to Dismiss.

### F. Plaintiff Conflates Current Versus Historical Pay Status

Again, relying exclusively on *Macik*, Plaintiff erroneously claims the pay status of an account reflects the "current" pay status. Dkt. 18, at 18-19. However, "current" versus "historical" in this context is nothing more than semantics. When viewing the Accounts in their entirety, there is no question that Plaintiff was late on the account each month between April 2015 through November 2015. Dkt. 17, at 8. The Accounts clearly were closed on December 8, 2015 and were not subsequently updated. *Id*. Further, it is clear that with a $0 balance, Plaintiff was not "still late" on the closed Accounts. For these reasons, the Motion to Dismiss should be granted.

### G. Plaintiff Fails to Distinguish *Alston* and *Grossman*

Plaintiff tries to distinguish the *Alston* and *Grossman* cases relied on by Trans Union on irrelevant grounds. Dkt. 18, at 19-21. However, Plaintiff ignores the underlying legal principles present in both opinions. In fact, Plaintiff openly admits the courts in *Alston* and *Grossman* "ruled that the Plaintiff didn't prove the account's late pay status was actually the current status of the account." *Id*. Plaintiff tries to explain this away by, yet again, improperly citing to the jury verdict in *Macik*. *Id*. What Plaintiff does not do is explain how the *Alston* court was wrong in holding, "[t]hus, there is a strong likelihood that the 'Status' section of the report records the prior payment history of the account, not the current account status, and that the report is therefore accurate." *Alston v. Equifax Info. Servs., LLC*, No. TDC-13-1230, 2014 WL 6388169, at *5 (D. Md. Nov. 13, 2014). Similarly, Plaintiff makes no attempt to explain how the *Grossman* court was wrong in holding that similar reporting "was not patently incorrect or misleading." *Grossman*, 2014 WL 647970,

5

at *10. Plaintiff fails to meaningfully distinguish *Alston* and *Grossman* from the case at bar and, therefore, the Court should grant Trans Union's Motion to Dismiss.

### H. Plaintiff's Allegations of a Willful Violation are Without Merit

#### a. Plaintiff Mis-Applies *Macik*

The crux of Plaintiff's argument regarding his willfulness claim is based, yet again, on the broad form jury verdict from *Macik*. As noted above, the jury in *Macik* did not find that the reporting at issue in this case was inaccurate and does not support Plaintiff's claim. Furthermore, even assuming arguendo, citing a single district court level jury verdict does not meet the standard imposed by the Supreme Court. In *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007), the Supreme Court outlined what a plaintiff was required to plead and prove for a willful violation of the FCRA. In doing so, the Court held that "[w]here, as here, the statutory text and relevant court and agency guidance allow for more than one reasonable interpretation, it would defy history and current thinking to treat a defendant who merely adopts one such interpretation as a knowing or reckless violator." *Id.* at 70 n.20. The Supreme Court went even further, clarifying that court guidance was to be from a court of appeals, and that regulatory guidance was to be issued from the Federal Trade Commission.[1] *Id.* at 70.

Plaintiff's unsupported argument that a broad form jury verdict, in a district court case, from another circuit, somehow closes the door on Trans Union's interpretation of the statute being reasonable, unequivocally fails. This is especially true in light of the two district court opinions – *Alston* and *Grossman* – supporting Trans Union's position. Plaintiff's attempt to stretch the *Macik* verdict into something it is not, and to apply it in a way contrary to binding Supreme Court

---

[1] In 2010, as part of the Dodd-Frank Wall Street Reform and Consumer Protection Act, regulatory authority over the Fair Credit Reporting Act was transferred from the Federal Trade Commission to the Consumer Financial Protection Bureau. *See* H.R. 4173 (2010).

authority, cannot support his willful claim.  Thus, Trans Union's Motion to Dismiss should be granted.

### b. Plaintiff Fails to Distinguish *Levine*

When discussing *Levine*, Plaintiff correctly noted the case was being cited to show what a consumer must prove to support a willful violation of the FCRA. *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314 (11th Cir. 2009).  What Plaintiff misunderstands is that if a plaintiff does not adequately *plead* the basis for a willful violation, they cannot later attempt to *prove* a willful violation.

Plaintiff's Complaint fails to allege any facts in support of her willfulness claim, instead merely making the conclusory statement that the alleged FCRA violations were willful.  Dkt. 1, at ¶ 39 ("[T]he conduct of the Defendants . . . was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.").  Nowhere does Plaintiff allege, or even make a passing reference to: (1) Trans Union having a policy or practice that was objectively unreasonable in light of the FCRA's statutory language; or (2) how Trans Union ran a risk of violating the FCRA that was substantially greater than the risk associated with a reading that was merely caseless.  *Safeco*, 551 U.S. at 58-59; *Levine*, 554 F.3d at 1318.

Plaintiff's Opposition merely restates the facts Plaintiff set forth in her Complaint, which again, do not adequately plead the requirements for a willfulness claim.  *See* Dkt. 18, at 21-23. As set forth in the Motion to Dismiss, Plaintiff cannot support a claim for a willful violation of the FCRA, and Trans Union's Motion to Dismiss should be granted.

### I.   Plaintiff Fails to Allege a Creditor was Actually Misled

An item of information can be inaccurate on its face, or misleading, in such a way, and to such an extent, that it is likely to mislead a reasonable creditor. *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001) (citing

*Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890 (5th Cir. 1998)).  In its Motion to Dismiss, Trans Union pointed out that the tradeline is not inaccurate on its face and that there was no suggestion that a reasonable creditor was misled by the Account.  Without that, Plaintiff's Complaint fails because it has not asserted an inaccuracy, which is a required element of Plaintiff's FCRA claims.

Plaintiff argues that third parties viewed her Trans Union credit report; Trans Union never argued otherwise.  Rather, Trans Union pointed out that no creditor could, or would, be misled by the reporting of Plaintiff's Nelnet Accounts.  *See* Dkt. 17, at 7-8.  Nowhere in Plaintiff's Complaint is there an allegation suggesting a reasonable creditor was *actually misled* when reviewing Plaintiff's Trans Union credit report.  *See, e.g.*, *Jones v. Equifax Info. Servs., LLC*, No. 2:18-cv-2814, 2019 WL 5872516, at *4 (W.D. Tenn. Aug. 8, 2019); *Gibson*, 2019 WL 4731957, at *4; *Meeks*, 2019 WL 1856411, at *7.  Without that necessary allegation, Plaintiff did not plead an inaccuracy and cannot prove either of her FCRA claims.

## CONCLUSION

Trans Union's reporting of Plaintiff's Nelnet Accounts was accurate and not misleading, and Plaintiff has failed to plead a viable FCRA claim.  Accordingly, Trans Union's Motion to Dismiss should be granted.

DATED:  November 9, 2020           QUILLING SELANDER LOWNDS
                                                          WINSLETT & MOSER, P.C.

                                                   By:  */s/ Kristin L. Marker*
                                                          Kristin L. Marker
                                                          Counsel for Trans Union LLC

8

# CERTIFICATE OF SERVICE

**STATE OF TEXAS, COUNTY OF COLLIN**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Collin, State of Texas. My business address is 6900 N. Dallas Parkway, Suite 800, Plano, TX 75024.

On November 9, 2020, I served true copies of the following document(s) described as **DEFENDANT TRANS UNION LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(b)(6)** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING**: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 9, 2020, at Plano, Texas.

                                    */s/ Kristin L. Marker*
                                    Kristin L. Marker

## SERVICE LIST

| | |
|---|---|
| Michael F. Cardoza | Jonathan Charles Sandler |
| Mike.Cardoza@cardozalawcorp.com | jsandler@bhfs.com |
| Lauren B Veggian | Brownstein Hyatt Farber Schreck LLP |
| lauren.veggian@cardozalawcorp.com | 2049 Century Park East, Suite 3550 |
| Cardoza Law Corporation | Los Angeles, CA 90067 |
| 548 Market St, #80594 | (310) 500-4600 |
| San Francisco, CA, 94104 | (310) 500-4602 Fax |
| (415) 488-8041 | **Counsel for Nelnet Servicing, LLC** |
| (415) 651-9700 Fax | |
| **Counsel for Plaintiff** | |