UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA SOLER,<br>      Plaintiff,<br><br>      v.<br><br>TRANS UNION, LLC, et al.,<br>      Defendants. | CV 20-8459 DSF (PLAx)<br><br>Order DENYING Defendant Trans Union LLC's Motion to Dismiss (Dkt. 17) |

     Defendant Trans Union LLC moves to dismiss Plaintiff Cynthia Soler's Complaint. Dkt. 17 (Mot.). Soler opposes. Dkt. 18 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, the motion is DENIED.

## I. BACKGROUND

     Soler, a California consumer, had two accounts with Nelnet Servicing LLC (Accounts). Dkt. 1 (Compl. ¶¶ 12, 21). Nelnet is a company that provided Soler's credit information to Trans Union, a consumer reporting agency. Id. ¶¶ 14, 16, 17, 22. With that information, Trans Union generated a consumer credit report for Soler (Credit Report), which is at the center of this dispute.

     On about December 8, 2015, Soler's Accounts were fully satisfied with a $0 balance. Id. ¶ 21. Despite her $0 balance, the Trans Union

report from September 15, 2018 falsely reported her "pay status" as "120 Days Past Due Date." Id. ¶ 23. On August 17, 2018, Soler mailed a dispute letter to Trans Union as required under the Fair Credit Reporting Act (FCRA). Id. ¶ 24. Trans Union sent Soler's dispute to Nelnet via an Automated Customer Dispute Verification. Id. ¶ 25. Nelnet verified Soler's Accounts as accurate and instructed Trans Union to continue to report the credit information, even though it was (in Soler's view) inaccurate. Id. ¶ 26. As of July 23, 2020, Soler's Credit Report reported the same information she disputed on August 17, 2018. Id. ¶ 27. Based on this, Soler alleges Trans Union did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information. Id. ¶ 28.

Based on these allegations, Soler sued Nelnet and Trans Union for negligent and willful FCRA violations. Soler claims Trans Union's reporting negatively reflects on her and her credit repayment history, the reporting lowers her credit score, and current and potential creditors have seen the reporting. Id. ¶¶ 34-35, 42. As a result, Soler alleges she suffered actual damages and physical, emotional, mental pain, and anguish. Id. ¶¶ 36, 40. Nelnet filed an answer to Soler's Complaint. Dkt. 15. Trans Union moves to dismiss Soler's Complaint under Rule 12(b)(6).

## II. LEGAL STANDARD

Rule 12(b)(6) allows an attack on the pleadings for failure to state a claim on which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557) (alteration in original) (citation omitted). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. There must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . and factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

#### A. Wagner Declaration

In support of its motion, Trans Union submitted the Declaration of Donald Wagner, which authenticates three documents. Dkt. 17-1, Declaration of Donald Wagner (Wagner Decl.). The documents include the dispute letter Soler sent to Trans Union, Soler's redacted Credit Report, and the results of Trans Union's investigation into Soler's dispute. Wagner Decl. Exs. A-1, A-2, A-3.

Under the "incorporation by reference" doctrine, a court may consider documents attached to a defendant's motion to dismiss if the plaintiff's claim depends on the contents of the documents and the parties do not dispute the documents' authenticity. Rueda Vidal v. Bolton, 822 F. App'x 643, 644-45 (9th Cir. 2020) (on a motion to dismiss, a court may take judicial notice of "documents crucial to the plaintiff's claims, but not explicitly incorporated in his complaint.") (quoting Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998)).

3

Soler's FCRA claims against Trans Union are based on the Credit Report's alleged inaccuracy and the Complaint references the dispute letter and investigation results.  Because Soler's Complaint refers to and relies on the documents, and neither party disputes the authenticity of the documents, the Court will consider them.  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

**B.**   **Motion to Dismiss**

Soler alleges five counts of negligent and willful FCRA violations under sections 1681(e)(b) and 1681(i) against Trans Union.  Trans Union moves to dismiss Soler's Complaint on two grounds: (1) as a matter of law, Trans Union's reporting is neither inaccurate nor misleading; and (2) Solar's Complaint fails to state a claim under Rule 12(b)(6).

To state a claim under section 1681(e)(b) or 1681(i), a plaintiff must make a prima facie showing of inaccurate reporting.  Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 890 (9th Cir. 2010).[1]  The Ninth Circuit has adopted the "patently incorrect or materially misleading" standard to assess whether a credit report is inaccurate.  Carvalho, 629 F.3d at 890-91; Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1163 (9th Cir. 2009).

The parties' dispute stems from their different interpretations of the Credit Report's pay status.  Soler argues that the "pay status" represents the *current* status of the Accounts; Trans Union argues that it represents the *historical* status.  Opp'n at 15; Mot. at 7.  Specifically, Soler insists that the "120 Days Past Due" pay status is factually inaccurate and misleads potential credit grantors because it looks like there is an outstanding balance and the Accounts' current status is 120 days late.  Opp'n at 11.  Because the Accounts were fully satisfied with

---

[1] In Carvalho, the Ninth Circuit discussed its interpretation of FCRA in considering a case brought pursuant to California's Consumer Credit Reporting Agencies Act.  Id.

a $0 balance on December 8, 2015, Soler reasons the current status cannot be past due.  Id. at 7, 15.

Trans Union does not dispute that Soler's Accounts closed with a $0 balance.  Dkt. 19 (Reply at 2).  But Trans Union explains the Credit Report's pay status reflected Soler was 120 days late on the Accounts from April 2015 to November 2015.  Id. at 2.  Trans Union argues even though Soler's payment on December 8, 2015 brought the balance to $0, it did not erase or undo the lateness reported for the preceding months.  Id. at 2.  Trans Union states no reasonable creditor could conclude there was an ongoing monthly payment because the Credit Report clearly shows the Accounts were closed with no outstanding balance.  Mot. at 8, 10-11.

Here, there is no definitive statement or guideline on the Credit Report indicating what "pay status" means.  Rather, Trans Union includes an annotated version of the Credit Report in its Motion to explain what each entry reflects and urges the Court to consider the account information in its entirety.  Mot. at 7-8.

Under the "patently incorrect or materially misleading" standard, a credit report is inaccurate if "it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions."  Carvalho, 629 F.3d at 890-91 (quoting Gorman, 584 F.3d 1163).  Without Trans Union's annotation, explanation, and supplemental documentation, a jury could find that the Credit Report on its face is misleading in such a way that it adversely affects Soler's credit.

5

## IV. CONCLUSION

Because Soler's allegations support plausible FCRA claims, Trans Union's Motion is DENIED.

IT IS SO ORDERED.

Date: December 1, 2020

_Dale S. Fischer_
Dale S. Fischer
United States District Judge