Kristin L. Marker (State Bar No. 278596)
kmarker@qslwm.com
Quilling, Selander, Lownds,
Winslett & Moser P.C.
6900 N. Dallas Parkway, Suite 800
Plano, TX, 75024
(214) 560-5442
(214) 871-2111 Fax
*Counsel for Trans Union LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA SOLER,<br><br>     Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC AND NELNET SERVICING, LLC,<br><br>     Defendants. | Case No. 2:20-cv-08459-DSF-PLA<br><br>**DEFENDANT TRANS UNION LLC'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION, MEMORANDUM OF POINTS AND AUTHORITIES** |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

   Defendant Trans Union LLC ("Trans Union"), by and through its attorneys Quilling, Selander, Lownds, Winslett & Moser, P.C., files this Motion for Reconsideration. Specifically, Trans Union requests that the Court reconsider its ruling on Trans Union's Motion to Dismiss with respect to Trans Union's reporting of Plaintiff's Nelnet Servicing, LLC ("Nelnet") accounts (the "Accounts").

   Trans Union will be forced to incur unnecessary legal expenses conducting discovery, preparing a Motion for Summary Judgment of an issue that the Court can dispose of before further unnecessary legal expenses are incurred. This Notice and Motion for Reconsideration, the memorandum of points and authorities, and the pleadings and papers on file herein and on such argument and evidence.

Trans Union's counsel Motion is made following the conference of counsel which took place on December 2, 2020, and through many subsequent communications with counsel regarding the issues.   Plaintiff opposes the relief requested in Trans Union's Motion for Reconsideration.

DATED: December 15, 2020          QUILLING, SELANDER, LOWNDS,
                                  WINSLETT & MOSER P.C.


                                  By: */s/ Kristin L. Marker*
                                  Kristin L. Marker
                                  Counsel for Trans Union LLC

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

## I.    INTRODUCTION/PROCEDURAL HISTORY

Plaintiff filed her Complaint on September 15, 2020, alleging violations of the Fair Credit Reporting Act ("FCRA") regarding the reporting of her Nelnet Accounts. *See* ECF Doc. No. 1.   After securing an extension of the responsive pleading deadline, Trans Union timely filed a Motion to Dismiss on October 23, 2020.  *See* ECF Doc. No. 17.  The Court issued its Order on the Motion on December 1, 2020, denying Trans Union's Motion to Dismiss.  *See* ECF Doc. No. 21.

In the intervening time between the filing of the Motion and the Court's Order, the *Jatari Settles v. Trans Union, LLC, et al.*, No. 3:20-cv-00084 (M.D. Tenn. Nov. 24, 2020) case was decided, in which the Court granted Defendants' motion to dismiss on the same facts, based on a finding that "reporting a 'pay status' as '120 days past due date' would not reasonably mislead a creditor to believe Plaintiff is currently past due."  *Settles*, No. 3:20-cv-0084, at 9.   Additionally, a Northern District of Florida court recently granted a motion for judgment on the pleadings, also finding that the reporting of an account as closed, with a $0 balance, historical 120-day late remarks, no past due amount, "was accurately reported" and does not "suggest that the plaintiff is 'still late' on the Account."  *Julio Hernandez v. Trans Union LLC*, No. 3:19-cv-1987 (N.D. Fla. Dec. 10, 2020).

Trans Union requests this Court reconsider its Order regarding the Motion, based on these new and relevant opinions.

## II.    ARGUMENT AND AUTHORITIES

Pursuant to Local Rule 7-18, reconsideration of an Order is appropriate on any of the following three grounds:  (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material

facts presented to the Court before the Order was entered.  L.R. 7-18.  Here, the
Order should be reconsidered due to the issuance of the *Settles* and *Hernandez*
Orders, as described in further detail below.

### III.    MATERIAL CHANGE OF LAW

#### A. The *Settles* Order

A court in the Middle District of Tennessee issued an order on November 24,
2020, granting defendants' motions to dismiss on nearly identical facts to those in
the case at bar. *Settles*, No. 3:20-cv-0084 (Order Granting Defendants' Motion to
Dismiss).[1]   In *Settles*, Plaintiff alleged his FedLoan Servicing account, reporting
with a $0 balance, a closed date, a pay status of account 120 days past due, and
remarks of closed and transferred, was inaccurate.  *Compare id.* at 2 *with* ECF No.
38, at 5.  Critically, both the account in *Settles*, and the account at issue here, reported
as closed with $0 balances, and as transferred.  *Settles*, No. 3:20-cv-0084, at 9.

In granting defendants' motions to dismiss, the *Settles* court was quick to
reference that "courts assess the alleged inaccuracy in the context of the report as a
whole," as opposed to focusing on a single field, reiterating precedent cited in Trans
Union's Motion to Dismiss.  *Settles*, No. 3:20-cv-00084, at 7 (citing *Thomas v.
Equifax Info. Servs., LLC*, No. 3:19-cv-286, 2020 WL 1987949, at *4 (S.D. Ohio
Apr. 27, 2020); *Her v. Equifax Info. Servs., LLC*, No. 1:18-cv-05182, 2019 WL
4295280, at *6 (N.D. Ga. Jul. 12, 2019); *Alston v. Equifax Info. Servs., LLC*, No.
TDC-13-1230, 2014 WL 6388169 (D. Md. Nov. 13, 2014)).  Notably, the *Settles*
court correctly viewed "the account in its entirety." *See, e.g., Seay v. Trans Union,
LLC*, No. 7:18-cv-204, 2019 WL 4773827, at *5 (M.D. Ga. Sept. 30, 2019); *Gibson
v. Equifax Info. Servs., LLC*, No. 5:18-cv-00465, 2019 WL 4731957, at *4 (M.D.
Ga. July 2, 2019); *Meeks v. Equifax Info. Servs., LLC*, No. 1:18-CV-03666, 2019

---

[1] A true and correct copy of the *Settles* Order is attached hereto as "Exhibit A."

WL 1856411, at *6 (N.D. Ga. Mar. 4, 2019), *adopted*, 2019 WL 1856412, at *1 (N.D. Ga. Apr. 23, 2019).  Pursuant to this authority, the *Settles* court held:

> The Court finds that the reported information, taken as a whole, is neither inaccurate nor materially misleading. Reporting a 'pay status' as '120 days past due date' would not reasonably mislead a creditor to believe Plaintiff is currently past due.

*Settles*, No. 3:20-cv-0084, at 9.

Crucially, the Court Order denying Trans Union's Motion to Dismiss in this case does not address "the account in its entirety," as required by *Settles* and the cases it cites.  *See* ECF. No. 21, at 5.  The *Settles* court reviewed the tradeline *as a whole*, and concluded that the reporting of the account would not be misleading to a creditor.  *Settles*, No. 3:20-cv-0084, at 9.  Here, Trans Union does not suggest that any sort of "annotation, explanation, [or] supplemental documentation" is required for the determination of whether the account would reasonably mislead a creditor to believe the plaintiff was currently past due on that account.  *See* ECF No. 21, at 5.  Rather, as in the *Settles* case, the account, which reported with a $0 balance, as closed in December of 2015, and as transferred to another lender, read *as a whole*, would not be misleading to a creditor.  Thus, Trans Union respectfully requests this Court reconsider its ruling in light of *Settles* and this reading of the disputed Account.

Moreover, as in *Settles*, the determination is whether or not the reporting would "reasonably mislead a *creditor* to believe Plaintiff is currently past due." *Settles*, No. 3:20-cv-0084, at 9 (emphasis added).  In this case, the Order denying Trans Union's Motion stated that "a jury could find that the Credit Report on its fact is misleading in such a way that it adversely affects Soler's credit."  *See* ECF No. 21, at 5.  However, the *Settles* opinion demonstrates that the <u>proper</u> determination is <u>what a creditor would believe</u>, and not the way the Accounts would appear to a potential jury.  As in *Settles*, the Motion to Dismiss should be granted because it would not, as a whole, reasonably mislead a creditor to believe the Accounts were

1  reporting as currently past due.  On this basis, Trans Union respectfully requests this
2  Court reconsider its Order.

3  **B. The *Hernandez* Order**

4  Further, in the *Julio Hernandez* case, the court granted Trans Union's Motion
5  for Judgment on the Pleadings on similar facts.  *Hernandez*, No. 3:19-cv-1987, at
6  *4-7.[2] The *Hernandez* case involved an Ocwen account that was reporting with a
7  closed date in 3/2016, with a $0 balance, a remark of "settled-less than full balance"
8  and closed, with late remarks, from 7/2015-2/2016, and a pay status of "Account
9  120 days past due."  *Id.* at 4.  As in the instant case, the *Hernandez* plaintiff claimed
10 that the reporting of the pay status was inaccurate.  *Id.* at 2.  The court disagreed.

11 As in *Settles*, the *Hernandez* court found that "in determining if a credit report
12 is both true and unlikely to lead to misunderstanding, the report must be reviewed
13 and considered in its entirety, instead of focusing on a single field of data."  *Id.* at 6
14 (emphasis added) (citing *Erickson v. First Adv. Background Servs*, 2020 WL
15 7086059, at *1 (11th Cir. Dec. 4, 2020) (user must look at the credit report
16 objectively and not merely "squint" at one portion); *Meeks v. Equifax Info. Servs.,
17 LLC*, 2019 WL 1856411, at *6 (N.D. Ga. Mar. 4, 2019) (must view account "as a
18 whole"), *adopted* 2019 WL 1856412 (N.D. Ga. Apr. 23, 2019); *Gibson v. Equifax
19 Info. Servs., LLC*, 2019 WL 4731957, at *4 (M.D. Ga. July 2, 2019) (quoting *Meeks*
20 and holding same); *Seay v. Trans Union LLC*, 2019 WL 4773827, at *5 (M.D. Ga.
21 Sept. 30, 2019) (quoting *Meeks* and holding same); *Her v. Equifax Info. Servs., LLC*,
22 2019 WL 4295279, at *2 (N.D. Ga. Aug. 9, 2019) (must consider "entirety" of the
23 credit report to determine if the information is inaccurate or misleading)).

24 *Hernandez* followed the reasoning in *Settles*, finding also "that the reported
25 information, taken as a whole, is neither inaccurate nor materially misleading."
26 *Hernandez*, No. 3:19-cv-1987, at *7.  Further, *Hernandez* cited a number of other

27 _____

28 [2] A true and correct copy of the *Hernandez* Order is attached hereto as "Exhibit B."

6

cases finding that "reporting historical account data is neither inaccurate nor misleading." *Id.* (citing *Jones v. Equifax Info. Servs., LLC*, No. 2:18-cv-2814, 2019 WL 5872516 (M.D. Tenn. Aug. 8, 2019) (finding that a credit report showing a monthly payment obligation when the account was closed and had a zero-dollar balance was not materially misleading because "a reasonable prospective lender would understand [that] the report showed a past obligation only"); *Thomas v. Equifax Info. Servs., LLC*, 2020 WL 1987949 (S.D. Ohio Apr. 27, 2020) (finding no reasonable person would be misled into believing that [the plaintiff] had any ongoing monthly obligation on this installment loan" when the account was reported closed with a zero-dollar balance); *Euring v. Equifax Info. Servs., LLC*, No. 19-cv-11675, 2020 WL 1508344 (E.D. Mich. Mar. 30, 2020) (finding nothing false or materially misleading about the "monthly payment" information on plaintiff's credit reports in light of the other information that appears on those reports)). Based on this additional new opinion on similar facts, Trans Union requests this Court reconsider its Order regarding its Motion to Dismiss.

## IV.    CONCLUSION

For the above reasons, Trans Union requests that the Court grant its Motion for Reconsideration, and reconsider its ruling denying Trans Union's Motion to Dismiss and the claims related to the reporting of Plaintiff's Nelnet Accounts.

DATED:  December 15, 2020                  QUILLING SELANDER LOWNDS
                                           WINSLETT & MOSER, P.C.


                                           By:  */s/ Kristin L. Marker*
                                                Kristin L. Marker
                                                Counsel for Trans Union LLC

# CERTIFICATE OF SERVICE

**STATE OF TEXAS, COUNTY OF COLLIN**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Collin, State of Texas.  My business address is 6900 N. Dallas Parkway, Suite 800, Plano, TX 75024.

On December 15, 2020, I served true copies of the following document(s) described as **DEFENDANT TRANS UNION LLC'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING**: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 15, 2020, at Plano, Texas.

*/s/ Kristin L. Marker*
Kristin L. Marker

8

1

## **<u>SERVICE LIST</u>**

2

3   Michael F. Cardoza                                   Jonathan Charles Sandler
    Mike.Cardoza@cardozalawcorp.com                      jsandler@bhfs.com
4   Lauren B Veggian                                     Brownstein Hyatt Farber Schreck LLP
    lauren.veggian@cardozalawcorp.com                    2049 Century Park East, Suite 3550
5   Cardoza Law Corporation                              Los Angeles, CA 90067
6   548 Market St, #80594                                (310) 500-4600
7   San Francisco, CA, 94104                             (310) 500-4602 Fax
    (415) 488-8041                                       ***Counsel for Nelnet Servicing, LLC***
8   (415) 651-9700 Fax
9   ***Counsel for Plaintiff***

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28