_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-08459-FWS-PLA | Date: August 8, 2022 |
| Title: Cynthia Soler v. Trans Union LLC *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER RE: MOTIONS *IN LIMINE* [90][91][92][93][94][95][96]**

    Before the court is (1) Defendant Trans Union, LLC's ("Defendant") Motion *in Limine* No. 1 to Exclude Testimony of Evan Hendricks Regarding Third Party Interpretation of Plaintiff Cynthia Soler's ("Plaintiff") Credit Reports, (Dkt. 92); (2) Defendant's Motion *in Limine* No. 2 to Preclude Plaintiff's Specific Inadmissible Hearsay Testimony, (Dkt. 93); (3) Defendant's Motion *in Limine* No. 3 to Exclude Evidence, Testimony, or Argument Regarding the Verdict in *Macik v. Trans Union LLC, et al.*, No. 3:14-cv-0004 (S.D. Tex. 2016), (Dkt. 94); (4) Defendant's Motion *in Limine* No. 4 to Exclude Evidence, Testimony, or Argument Regarding Defendant's Change to Consumer Disclosure Language, (Dkt. 95); (5) Defendant's Motion *in Limine* No. 5 to Exclude Evidence Regarding Regular Credit Inquiries, (Dkt. 96); (6) Plaintiff's Motion *in Limine* No. 1 to Exclude Evidence of or Reference to Plaintiff's Settlements with Nelnet Servicing, LLC, (Dkt. 90); and (7) Plaintiff's Motion *in Limine* No. 2 to Exclude Evidence of or Reference to Attorneys' Fees and Costs, (Dkt. 91).  The parties oppose each other's respective motions.  (Dkts. 103-104, 106, 108-11.)

/ / /

/ / /

/ / /

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-08459-FWS-PLA | Date: August 8, 2022 |
| Title: Cynthia Soler v. Trans Union LLC *et al.* | |

## I.  Legal Standards

### A.  Motions *in Limine*

"A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009).  However, "[a] motion *in limine* is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013), *aff'd*, 574 U.S. 418 (2015).

Motions *in limine* are vehicles by which a court may exclude inadmissible or prejudicial evidence before it is "actually offered." *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Motions *in limine* "avoid the futile attempt of unringing the bell when jurors have seen or heard inadmissible evidence, even when stricken from the record"; "streamline trials, by settling evidentiary disputes in advance and by minimizing side-bar conferences and other disruptions at trial"; and "permit more thorough briefing and argument on evidentiary issues than would be likely during trial." *Altair Instruments, Inc. v. Telebrands Corp.*, 2021 WL 5238787, at *1 (C.D. Cal. Feb. 18, 2021) (alteration, citations, and internal quotation marks omitted). "[M]otions *in limine* must identify the evidence at issue and state with specificity why such evidence is inadmissible." *United States v. Lewis*, 493 F. Supp. 3d 858, 861 (C.D. Cal. 2020) (alteration, citation, and internal quotation marks omitted); *Jackson v. Cnty. of San Bernardino*, 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016) ("Motions in limine that seek exclusion of broad and unspecific categories of evidence, however, are generally disfavored.").

A ruling on a motion *in limine* "is essentially a preliminary opinion that falls entirely within the discretion of the district court." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (citations and internal quotation marks omitted).  Because "testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling," a "district court may change its ruling at trial." *Id.* (citations and internal quotation marks omitted); *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also* Fed. R. Evid. 103, advisory committee's note to 2000 amendment ("Even where the court's ruling is

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-08459-FWS-PLA | Date: August 8, 2022 |
| Title: Cynthia Soler v. Trans Union LLC *et al.* | |

definitive, nothing . . . prohibits the court from revisiting its decision when the evidence is to be offered.").

    B.    <u>Admissibility of Relevant Evidence under Federal Rules of Evidence 401, 402, and 403</u>

Federal Rule of Evidence 402 provides that "[r]elevant evidence is admissible" unless the U.S. Constitution, a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court" provide otherwise. Fed. R. Evid. 402. Evidence is "relevant" if: (1) "it has any tendency to make a fact more or less probable than it would be without the evidence"; and (2) "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Federal Rule of Evidence 403 permits a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

    C.    <u>Admissibility of Expert Testimony under Federal Rule of Evidence 702</u>

Federal Rule of Evidence 702 permits "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education" to "testify in the form of an opinion or otherwise" if: (1) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (2) "the testimony is based on sufficient facts or data"; (3) "the testimony is the product of reliable principles and methods"; and (4) "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The court serves as a "gatekeep[er]" by "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-49 (1999) (expanding *Daubert* to "all expert testimony"). The Ninth Circuit has provided a roadmap for courts to evaluate expert testimony under these principles:

> Under *Daubert* and *Kumho Tire*, only relevant and reliable expert opinion testimony is admissible. Expert opinion testimony is relevant if the knowledge underlying it

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:20-cv-08459-FWS-PLA | Date: August 8, 2022 |
| Title: Cynthia Soler v. Trans Union LLC *et al.* | |

has a valid connection to the pertinent inquiry.  And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline.
. . .
[I]n evaluating the reliability of scientific expert opinion testimony, trial courts may consider: (1) whether the scientific theory or technique can be (and has been) tested, (2) whether the theory or technique has been subjected to peer review and publication, (3) whether there is a known or potential error rate, and (4) whether the theory or technique is generally accepted in the relevant scientific community.

*United States v. Sandoval-Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006) (citations and internal quotation marks omitted).

While this "list of specific factors neither necessarily nor exclusively applies to all experts or in every case," the court may consider "one or more" of the *Daubert* factors to evaluate the reliability of nonscientific expert testimony.  *Kumho Tire Co.*, 526 U.S. at 141 (emphasis removed).

**II.    Defendant's Motions *in Limine***

    A.    <u>Defendant's Motion *in Limine* No. 1</u>

Defendant seeks to exclude the testimony of Plaintiff's retained expert witness, Evan Hendricks, as to his opinion on third parties' interpretation of Plaintiff's credit reports containing the Nelnet account.  Plaintiff argues that (1) sufficient evidence exists such that Mr. Hendrick's testimony is relevant; (2) Defendant's arguments are veiled, untimely *Daubert* challenges; and (3) that Mr. Hendricks is qualified to testify as to credit reporting matters.

As a preliminary matter, the court has already had occasion to review and resolve a substantial portion of the dispute—the sufficiency of the relevant and admissible evidence—raised by Defendant's Motion *in Limine* in ruling on Defendant's Motion for Summary Judgment.  Accordingly, the court will not consider Defendant's Motion *in Limine* No. 1 to the

___

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-08459-FWS-PLA | Date: August 8, 2022 |
| Title: Cynthia Soler v. Trans Union LLC *et al.* | |

extent it essentially seeks summary judgment relief, as doing so would effectually permit Defendant to avoid page limitations for Defendant's Motion for Summary Judgment and re-litigate arguments previously rejected by the court. The court observes it has also had the opportunity to affirm its findings in its Order on Defendant's Motion for Reconsideration of the aforementioned Order. Accordingly, for these reasons and those set forth in the court's previous Orders on Defendant's Motions for Summary Judgment and Defendant's Motion for Reconsideration of the court's Order on Defendant's Motion for Summary Judgment, the court **DENIES** Defendant's Motion *in Limine* No. 1 to the extent it depends on the relevance of Mr. Hendricks' testimony.

Aside from some excerpts of Mr. Hendricks' testimony that Defendant asserts are relevant to his qualifications to testify, neither party has submitted to the court Mr. Hendricks' resume or other information necessary to the court's determination in connection with their respective Motions *in Limine*. Nor do the parties set forth with sufficient clarity the testimony expected from Mr. Hendricks. While the court observes other courts have found "Mr. Hendricks has specialized knowledge necessary to testify" as an expert about whether a credit agency's "actions were a 'substantial factor' in any decision based on [a] [p]laintiff's credit" but "does not satisfy the requirements of FRE 702 or *Daubert* with respect to the scientific impact analysis required to quantify the impact of an item on [a] [p]laintiff's credit report or FICO credit score," the court is unable to make such a determination on the record presented by the parties. *Cf. Sandigo v. Ocwen Loan Servicing, LLC*, 2019 WL 2579341, at *5 (N.D. Cal. June 24, 2019). Accordingly, the court **DENIES** Defendant's Motion *in Limine* No. 1 to the extent it seeks to exclude Mr. Hendricks' testimony based on Federal Rule of Evidence 702 or his qualifications to testify as an expert.

/ / /

      B.    <u>Defendant's Motion *in Limine* No. 2</u>

Defendant seeks to exclude portions of Plaintiff's testimony based on inadmissible hearsay, which Defendant argues bars at least her (1) testimony regarding conversations with prospective mortgage lenders; (2) email communications with prospective mortgage lenders and

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-08459-FWS-PLA | Date: August 8, 2022 |
| Title: Cynthia Soler v. Trans Union LLC *et al.* | |

related handwritten notes; (3) her testimony regarding her medical treatment and related records; and (4) her testimony regarding alleged credit denials. In this Motion *in Limine*, Defendant includes examples of the testimony it seeks to exclude by way of deposition excerpts. (*See* Dkt. 93-2.) Plaintiff argues her communications with mortgage lenders are not being offered for its truth, but only for the effect they had on her as a listener, and that she can authenticate the handwritten notes related to those emails. Plaintiff also argues she can testify as to her own medical damages and credit denials, and the admissibility of her medical records should be determined when they are offered at trial.

To the extent Defendant seeks to exclude Plaintiff's testimony at trial based on her own observations, including those related to her medical treatment, the court **DENIES** Defendant's Motion *in Limine* No. 2. *See Sportspower Ltd. v. Crowntec Fitness Mfg. Ltd.*, 2020 WL 7347860, at *1 (C.D. Cal. Nov. 18, 2020) ("While it is true that lay witnesses must usually limit their testimony to opinions arising from personal knowledge, they may, however, testify to conclusions and opinions based on a combination of their personal observations of the subject matter at issue and skills, knowledge, or experience obtained through their vocation.") (citation and internal quotation marks omitted).

As to Plaintiff's communications with prospective mortgage lenders, the court observes that Defendant appears to argue for the blanket exclusion of Plaintiff's "statements [and] any other testimony regarding her alleged conversations with prospective mortgage lenders as proof she was ever denied the opportunity to refinance her mortgage, or that such denial was based on the reporting of her Nelnet Accounts." (Dkt. 93 at 5.) At the Final Pretrial Conference, consistent with Plaintiff's Opposition (Dkt. 108), Plaintiff's counsel confirmed that Plaintiff sought to only use the communications with prospective mortgage lenders for the limited purpose of their effect on the listener. The court concludes the communications being offered for their effect on the listener can be properly admitted as non-hearsay evidence. *See United States v. Lopez,* 913 F.3d 807, 826 (9th Cir. 2019) (stating "an out-of-court statement is not hearsay if offered for any purpose other than the truth of whatever the statement asserts" and "[o]ne common application of this principle is admitting a declarant's out-of-court statement for the purpose of establishing what effect it had on the listener.").

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No.: 2:20-cv-08459-FWS-PLA | Date: August 8, 2022 |
| Title: Cynthia Soler v. Trans Union LLC *et al.* | |

However, the court's analysis does not stop here regarding the effect on listener communications. As stated above, Plaintiff submitted to the court that she only seeks to admit the third-party communications into evidence for their effect on the listener and for no other purpose. (*See generally* Dkt. 108.) The court has considered and balanced the prospective evidence. (*See, e.g.*, Dkt. 93-2.) *Cf. United States v. Curtin*, 489 F.3d 935, 958 (9th Cir. 2007) ("hold[ing] as a matter of law that a court does not properly exercise its balancing discretion under Rule 403 when it fails to place on the scales and personally examine and evaluate all that it must weigh."). Without limiting instructions and questioning limited to the purpose for which the evidence is sought (e.g., effect on listener), the court concludes the proffered effect on listener communications would have their probative value substantially outweighed by the risks of confusing the issues and/or misleading the jury; that is, instead of the jury considering the statements for their effect on the listener, it would instead consider them for their truth and as if the declarant actually testified to the communications in open court. *See United States v. Haischer*, 780 F.3d 1277, 1281 (9th Cir. 2015) ("Federal Rule of Evidence 403 provides that a district court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.") (citation and internal quotation marks omitted).

Accordingly, the court sets forth the following limiting instructions and procedures by which the Plaintiff may introduce the effect on listener testimony:

1. During its reading of the preliminary jury instructions prior to the parties' opening statements, the court will read Ninth Circuit Mode Jury Instruction 1.11 as follows:

    Some evidence may be admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

2. Plaintiff's counsel shall ask Ms. Soler the relevant questions seeking the effect on listener evidence during one, consecutive, and succinct block of questioning (the "Effect

___

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-08459-FWS-PLA | Date: August 8, 2022 |
| Title: Cynthia Soler v. Trans Union LLC *et al.* | |

---

on Listener Questioning"). Prior to beginning the Effect on Listener Questioning, Plaintiff's counsel shall ask for a sidebar, and at the sidebar Plaintiff's counsel shall inform the court that it is about to start its Effect on Listening Questioning.

3. After the sidebar and before any of the Effect on Listener Questioning begins, the court will provide a limiting instruction to the jury as follows:

> Members of the jury, the testimony you are about to hear concerns communications between the Ms. Soler and third-parties. You may only consider the third-parties' communications for their effect on the listener and not for the truth of the statements or any other purpose. In other words, you may consider the impact of the third parties' statements on the Ms. Soler, but not whether the third party's statement was true or not.

4. After the court's recitation of the limiting instructions stated above in step 3, Plaintiff's counsel may ask Ms. Soler about the conversations in following manner:

   a. Plaintiff's counsel may inquire if Ms. Soler had a communication with a third party, including the name of the third party, the manner of the communication, and the date of the communication.

   b. Plaintiff's counsel must ask Ms. Soler about the third parties' communication(s), that are sought to be utilized only for the purpose of effect on listener, by asking Ms. Soler a leading question that encompasses the communication. For example: "John Doe told you that you did not get tickets to the concert, didn't he?"

   c. After hearing Ms. Soler's response to the leading question, counsel may then ask Ms. Soler about the effect and/or impact the communication had on Ms. Soler by a non-leading question.

---

**CIVIL MINUTES – GENERAL**     8

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-08459-FWS-PLA | Date: August 8, 2022 |
| Title: Cynthia Soler v. Trans Union LLC *et al.* | |

  d. In opening statements and closing arguments, Plaintiff's counsel shall not suggest any evidence being introduced only for the purpose of effect on listener will be or has been admitted for the truth of the matter asserted.

*See Weeks v. Angelone*, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions."); Fed. R. Evid. 611(a) (the court "should exercise reasonable control over the mode and order of examining witnesses and presenting evidence"); 611(c) (leading questions may be used on direct examination "as necessary to develop the witness's testimony"); Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."); *compare* Fed. R. Evid. 802 (hearsay is generally inadmissible) *with* Fed. R. Evid. 803(c)(2) (hearsay is offered "to prove the truth of the matter asserted").

  Regarding Defendant's other requests concerning potential hearsay evidence, the court finds that because the parties do not raise arguments relating to the medical records or handwritten notes at issue with sufficient particularity in connection with this Motion *in Limine*, the court will defer its rulings until trial when timely objections have been made. For the reasons set forth above, the court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion *in Limine* No. 2, subject to the court's modifications above.

/ / /

  C. Defendant's Motion *in Limine* No. 3

  Defendant seeks to exclude any argument, evidence or testimony related to the verdict in *Macik v. Trans Union LLC, et al.*, No. 3:14-cv-0004 (S.D. Tex. 2016). Plaintiff argues that Defendant was a co-defendant in *Macik*, and, accordingly, was put on notice that a customer account with a balance of $0 as past due was both inaccurate and a willful violation of the FCRA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-cv-08459-FWS-PLA  Date: August 8, 2022
Title: Cynthia Soler v. Trans Union LLC *et al.*

  The Ninth Circuit held in *McCollough v. Johnson, Rodenburg & Lauinger, LLC* that a district court did not err in "concluding that the testimony of [a defendant's] conduct in similar cases was relevant to show intent, absence of mistake, malice, willfulness, and reprehensibility," including as to a potential award of punitive damages.  637 F.3d 939, 953-54 (9th Cir. 2011).  However, the Joint Exhibit List reflects the "Macik v. Trans Union, et al., amended complaint," (see Dkt. 122-1, Exh. A.), a document of questionable relevance considering it concerns *allegations* brought against Defendant by separate parties in a different litigation outside the Ninth Circuit's jurisdiction.  Regardless, the court finds the relevance of the *Macik* action and the proffered complaint is substantially outweighed by the risk that the jury may conflate the issues in *Macik* with the present action, confuse or mislead the jury, and/or potentially precondition the jury regarding Defendant's liability in this case.  *See Munoz v. PHH Mortg. Corp.*, 2022 WL 88497, at *2 (E.D. Cal. Jan. 7, 2022) (noting "evidence of prior judgments or verdicts is often excluded because of the risk of prejudice"); Fed. R. Evid. 403 (courts may exclude evidence "if its probative value is substantially outweighed by a danger" of, among other considerations, "unfair prejudice, confusing the issues, [or] misleading the jury").

  In addition, at the Final Pretrial Conference, Defendant informed the court it would intend to seek introduction of evidence of numerous other litigations to which it was a party in response to Plaintiff's potential use the *Macik* case information.  This potential deluge of evidence at trial pertaining to other actions involving Defendant provides another reason for the court to exclude argument, evidence, or testimony related to *Macik*.  *See id.* (courts may exclude evidence "if its probative value is substantially outweighed by a danger" of, among others, "undue delay, wasting time, or needlessly presenting cumulative evidence").

  For the reasons set forth above, the court **GRANTS** Defendant's Motion *in Limine* No. 3.

  D.  Defendant's Motion *in Limine* No. 4

  Defendant seeks to exclude any evidence of Defendant's change to its Consumer Disclosure language.  Plaintiff argues her claim does not depend on the change to Defendant's

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-cv-08459-FWS-PLA                                   Date: August 8, 2022
Title: Cynthia Soler v. Trans Union LLC *et al.*

___

Disclosure language; that there is sufficient evidence to show it is relevant to her argument that Defendant's reporting was inaccurate and for her claim for punitive damages; and the change was not a subsequent remedial measure under Federal Rule of Evidence 407.

As discussed above, the court will not consider Defendant's Motion *in Limine* No. 4 to the extent it essentially seeks summary judgment relief. The court observes that it previously resolved the aspects of this dispute relating to relevance and sufficiency of the evidence that were properly raised in the context of the court's Order on Defendant's Motion for Summary Judgment, and the court affirmed its findings in its Order on Defendant's Motion for Reconsideration of the aforementioned Order.

Additionally, as Plaintiff notes, the court previously found "it is not clear that the narrative change . . . was actually a subsequent remedial measure, particularly in light of testimony from Trans Union's expert that 'the underlying data has remained the same' and 'the difference in the narrative is a business decision that [Defendant] made in order to provide further clarification for the consumers reviewing their own disclosure[,]'" and Defendant does not address this finding in its motion *in limine*. (Dkt. 74 at 3; *see generally* Dkt. 95.)

Accordingly, for these reasons and those set forth in the court's previous Orders on Defendant's Motions for Summary Judgment and Defendant's Motion for Reconsideration of the court's Order on Defendant's Motion for Summary Judgment, the court **DENIES** Defendant's Motion *in Limine* No. 4.

  E. Defendant's Motion *in Limine* No. 5

Defendant seeks to preclude Plaintiff, Plaintiff's counsel, and Plaintiff's witnesses from mentioning or disclosing any opinions or statements regarding regular credit inquiries on her consumer file. Plaintiff argues the court relied on this evidence in its Orders on Defendant's Motion for Summary Judgment and on Defendant's Motion for Reconsideration of its Motion for Summary Judgment, and that Plaintiff's testimony as to her own credit denials is not hearsay.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-cv-08459-FWS-PLA  Date: August 8, 2022
Title: Cynthia Soler v. Trans Union LLC *et al.*

Again, as Plaintiff notes, the court previously found Plaintiff raised a triable issue as to whether "she was denied credit based on her Trans Union [consumer] report," (Dkt. 64 at 9), and thus Defendant's arguments based on the assertion that certain other evidence shows there is no "proof of a regular inquiry [and so] Plaintiff cannot prove a denial of credit[,]" (Dkt. 95), is misplaced and not properly raised as a motion *in limine*. Accordingly, as discussed in the context of certain of the other Motions *in Limine* above, the court has already resolved the aspects of this dispute that were properly raised in its Order on Defendant's Motion for Summary Judgment, and affirmed its findings in its Order on Defendant's Motion for Reconsideration of the court's Order on Defendant's Motion for Summary Judgment. Accordingly, for these reasons and those set forth in the court's previous Orders, the court **DENIES** Defendant's Motion *in Limine* No. 5.

### III. Plaintiff's Motions *in Limine*

#### A. Plaintiff's Motion *in Limine* No. 1

Plaintiff seeks to exclude reference to and evidence of Plaintiff's confidential settlements with Nelnet Servicing, LLC, a defendant previously dismissed from this case. Defendant argues that: (1) Plaintiff's 15 U.S.C. § 1681i claim necessarily requires the presentation of information regarding Plaintiff's account that Nelnet investigated and is the subject of Plaintiff's settlements; and (2) the facts related to Nelnet and Defendant are not separable. Defendant also argues the "one satisfaction rule" applies here, which would entitle Defendant to an offset based on Plaintiff's settlements with Nelnet.

The court finds evidence relating to the fact Plaintiff entered into a settlement with Nelnet is properly excluded under Federal Rule of Evidence 403 because its relevance is outweighed by a substantial risk of undue prejudice and the potential to mislead the jury. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."); *United States v. Thompson*, 2022 WL 2056234, at *4 (W.D. Wash. June 7, 2022)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-cv-08459-FWS-PLADate: August 8, 2022
Title: Cynthia Soler v. Trans Union LLC *et al.*

("A settlement is not a reliable indicator of misconduct, and the jury may be unduly swayed by the large amount of money involved and the fact that [a party] agreed to the settlement."); *see also In re Tenet Healthcare Corp. Sec. Litig.*, 2007 WL 5673884, at *2 (C.D. Cal. Dec. 5, 2007).

Though Defendant argues the settlements should be admissible under the "one satisfaction rule," the court notes that "[c]ourts in the Ninth Circuit have determined the 'one satisfaction rule' does not apply in FCRA cases." *Cheetham v. Specialized Loan Servicing LLC*, 2021 WL 2137823, at *2 (W.D. Wash. May 26, 2021); *see also Contreras v. Kohl's Dept. Stores, Inc.*, 2017 WL 6372646, at *3 (C.D. Cal. Dec. 12, 2017). Additionally, "even if the 'one satisfaction rule' does apply, offset issues can be resolved post-trial." *Cheetham*, 2021 WL 2137823, at *2 (collecting cases). However, the court finds the underlying facts—such as those relating to the extent of the investigation into Plaintiff's credit report—are relevant to Plaintiff's claims and thus are not similarly excludable. Accordingly, the court **GRANTS IN PART** Plaintiff's Motion *in Limine* No. 1 as to the fact that Plaintiff entered into a settlement with Nelnet and the terms thereof, and **DENIES IN PART** Plaintiff's Motion *in Limine* No. 1 to the extent it seeks to exclude the underlying facts.

/ / /

/ / /

      B.Plaintiff's Motion *in Limine* No. 2

Plaintiff seeks to exclude reference to and evidence of Plaintiff's attorneys' fees and costs. Defendant argues evidence related to attorneys' fees and costs may "help explain Plaintiff's motivations in bringing and pursuing a case" and exclusion of that evidence creates "a risk that the jury may try to compensate for attorneys' fees and costs by increasing any damages it may award." (Dkt. 104 at 2.)

The Ninth Circuit has observed that "informing the jury of the plaintiff's potential right to receive attorneys' fees might lead the jury to offset the fees by reducing the damage award" and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-08459-FWS-PLA | Date: August 8, 2022 |
| Title: Cynthia Soler v. Trans Union LLC *et al.* | |

"result in prejudice to the plaintiff." *Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991). Based on this risk and because attorneys' fees are not relevant to the substance of Plaintiff's claims, the court **GRANTS** Plaintiff's Motion *in Limine* No. 2.

### IV. Disposition

Based on the state of the record, as applied to the applicable law, and the reasons set forth above, the court rules as follows:

1. The court **DENIES** Defendant's First Motion (Dkt. 92);

2. The court **GRANTS IN PART AND DENIES IN PART** Defendant's Second Motion (Dkt. 93), subject to the court's orders set forth above;

3. The court **GRANTS** Defendant's Third Motion (Dkt. 94);

4. The court **DENIES** Defendant's Fourth Motion (Dkt. 95);

5. The court **DENIES** Defendant's Fifth Motion (Dkt. 96);

6. The court **GRANTS IN PART AND DENIES IN PART** Plaintiff's First Motion (Dkt. 90);

7. The court **GRANTS** Plaintiff's Second Motion (Dkt. 91);

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: mku